UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER A[1], <br><br>          Plaintiff, <br><br> v. <br><br> MARTIN O'MALLEY, Commissioner of the Social Security Administration, <br><br>          Defendant. | Case No.:  23-cv-326-GPC(LR) <br><br> **ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND VACATING AND REMANDING FOR FURTHER PROCEEDINGS** <br><br> **[ECF Nos. 14, 15]** |

     On February 17, 2023, Plaintiff Jennifer A. ("Plaintiff") filed a Complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by the Commissioner of Social Security ("Defendant") denying Plaintiff's application for a period of disability and disability insurance benefits. *See* ECF No. 1. On February 2, 2024, Magistrate Judge Lupe Rodriguez, Jr., issued a report and recommendation ("Report") that the case

---

[1] In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-government party or parties in this case. *See* S.D. Cal. Civ. R. 7.1(e)(6)(b).

be remanded to the ALJ for further proceedings. ECF No. 15. No objections were filed. After careful consideration of the pleadings and supporting documents, the Court **ADOPTS** the Magistrate Judge's Report, **VACATES** the ALJ's decision and **REMANDS** the matter for further administrative proceedings consistent with this opinion.

## STANDARD

Under the Social Security Act, a claimant is disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine if a claimant meets this definition, the Social Security Act establishes a five-step sequential analysis. 20 C.F.R. § 404.1520(a); *Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1194 (9th Cir. 2004). If the ALJ determines that a claimant is either disabled or not disabled at any step in the process, the ALJ does not continue to the next step. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009). The sequential analysis requires the ALJ to answer the following questions: (1) whether the claimant is "doing substantial gainful activity"; (2) whether claimant has a "severe, medically determinable physical or mental impairment . . . or a combination of impairments that is severe" that has lasted for more than 12 months; and (3) whether the impairment "meets or equals" one of the listings in the regulations. 20 C.F.R. § 404.1520(a)(4)(i)-(iii). If the applicant's impairment meets or equals a listing, the claimant is disabled. *Id*. If the impairment does not meet or equal a listing, the ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(a)(4)(iv), (e). A claimant's RFC is the most she can still do in a work setting despite impairments. 20 C.F.R. § 404.1545(a). The ALJ must determine whether the applicant retains RFC to perform past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If

the applicant cannot perform past relevant work, the ALJ must determine at step five whether the applicant can perform any other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). The burden of proof is on the claimant at steps one through four, but shifts to the Commissioner at step five. *Bray*, 554 F.3d at 1222–23.

## DISCUSSION

Plaintiff argues that the ALJ failed to develop the record at step three with respect to her intellectual disability—an impairment identified in 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.05(B) ("Listing 12.05(B)"). This listing is satisfied where the claimant meets three requirements:

1. Significantly subaverage general intellectual functioning evidenced by a or b:
   a. A full scale (or comparable) IQ score of 70 or below on an individually administered standardized test of general intelligence; or
   b. A full scale (or comparable) IQ score of 71–75 accompanied by a verbal or performance IQ score (or comparable part score) of 70 or below on an individually administered standardized test of general intelligence; and
2. Significant deficits in adaptive functioning currently manifested by extreme limitation of one, or marked limitation of two, of the following areas of mental functioning:
   a. Understand, remember, or apply information (see 12.00E1); or
   b. Interact with others (see 12.00E2); or
   c. Concentrate, persist, or maintain pace (see 12.00E3); or
   d. Adapt or manage oneself (see 12.00E4); and
3. The evidence about [claimant's] current intellectual and adaptive functioning and about the history of your disorder demonstrates or supports the conclusion that the disorder began prior to [claimant's] attainment of age 22.

20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.05(B). Plaintiff raised 12.05(b) in her brief as a "proposed listing." AR at 175. It was her only proposed listing. *Id.* In support, she cited her full-scale IQ ("FSIQ") score of 67, which had been assessed by Dr. Lori Alasantro on August 25, 2020. *Id.* at 362. She directed the ALJ to her diagnosis of Kisbourne Syndrome at the age of thirteen months and the associated cognitive deficits

she experienced throughout her early schooling, which had been documented by psychologists in 1982, 1985, and 2001. *Id.* at 359. And, relying upon the neuropsychological evaluations included in the record, Plaintiff argued that she was "markedly limited in her ability to adapt or manage oneself; and concentrate, persist or maintain pace." *Id.* at 175.

In his decision, the ALJ did not address Listing 12.05(b). *Id.* at 12–25. As the Report correctly recognizes, this error requires the matter be remanded to the ALJ. *See, e.g.*, *D.T. v. Kijakazi*, Case No. 22-cv-07245-SVK, 2023 WL 6852505, at *7 (N.D. Cal. Oct. 17, 2023) (citing *Thresher v. Astrue*, 283 F. App'x 473, 475 (9th Cir. 2008); *Santiago v. Barnhart*, 278 F. Supp. 2d 1049, 1058 (N.D. Cal. 2003)) ("[the ALJ's failure to address Listing 12.05] constitutes reversible error, because Plaintiff argued at the administrative level that his impairments meet or equal the requirements of Listing 12.05, thereby requiring the ALJ to address that Listing."); *Lisa O. L. v. Kijakazi*, Case No. 20-cv-02865-RMI, 2022 WL 612803, at *7–8 (N.D. Cal. Mar. 1, 2022) (concluding that remand for further consideration of whether the requirements of Listing 12.05 was necessary when the plaintiff advanced evidence that she met Listing 12.05 and the ALJ did not reference the listing in her decision).

Though Defendant agrees that the ALJ did not address Listing 12.05(b), Defendant argues that the error is harmless because Plaintiff does not have an impairment that meets or equals the listing. ECF No. 14 at 10. Defendant directs the Court to an IQ test conducted by Dr. Adrienne Pasek in February 2021 that resulted in an FSIQ score of 72, including a verbal comprehension measure of 85, AR at 398, scores which disqualify Plaintiff from meeting Listing 12.05(B). Defendant notes that the ALJ chose to rely upon Dr. Pasek's examination and that it was the ALJ's "right to rely" upon the "most recent" and "programmatically acceptable" intelligence testing. ECF No. 14 at 9. In fact, Defendant notes, a preference for the most recently administered intelligence test is

"agency policy." *Id.* Defendant grandly concludes that "[b]ecause Plaintiff's FSIQ on her most recent intelligence testing was 72, she does not, did not, and cannot carry her burden of proving that she met or equaled this listing." *Id.* at 10.

But this Court may consider "only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Revels v. Berryhill*, 874. F.3d 648, 654 (9th Cir. 2017) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014)). Critically, then, this Court reviews the record to determine whether Defendant's arguments were articulated by the ALJ. They were not. The ALJ did not explain how he picked between the two IQ tests; he didn't even acknowledge that there were two different scores, an issue that Plaintiff's counsel had explicitly raised at the close of the hearing. AR at 55. Because the ALJ did not acknowledge the conflict, his decision never cites to agency preference or mentions the arguments that Defendant raises now. While the ALJ was entitled to reject the FSIQ score produced by Dr. Alasantro's examination for a multitude of reasons, he was required to explicitly state those reasons. *See, e.g.*, *Rodgers v. Colvin*, Case No.: 1:16-cv-00544-BAM, 2017 WL 4004166, at *5 (E.D. Cal. Sept. 12, 2017) ("while the ALJ was permitted to find an IQ score invalid for the reasons stated by Defendant, the ALJ must do so explicitly by stating her reasons on the record."); *Dorothy D. v. Saul*, No. 1:20-cv-03014-MKD, 2020 WL 5745805, at *4 (E.D. Wash. Aug. 10, 2020) (citing *Gomez v. Astrue*, 695 F. Supp. 2d 1049, 1056 (9th Cir. 2010)) ("An ALJ may only reject an IQ score for specific and legitimate reasons."); *Young v. Saul*, Case No. 19-cv-01965-PJH, 2020 WL 3506805, at *21 (N.D. Cal. June 29, 2020) ("even assuming an ALJ can use observations from the record to disregard an objective assessment, the ALJ did not cite specific instances in the record to discount such a test."). Accordingly, Defendant's arguments cannot salvage the error created by the ALJ's omission.

The Report properly raises the possibility that harmless error could also be established through section 2 of Listing 12.05(b).  The ALJ addresses three of the four areas of mental functioning listed in section 2 of Listing 12.05(b).  As the Report notes, while discussing Listings 12.04, 12.06, and 12.11, the ALJ found only a moderate limitation in Plaintiff's abilities to (1) understand, remember, or apply information, (2) interact with others, and (3) concentrate, persist, or maintain pace.  AR at 18–19.

But the ALJ failed to adequately address the last functional area, the ability to adapt or manage oneself.  He did mention it.  While "consider[ing] whether the 'paragraph C' criteria are satisfied," the ALJ noted that "[t]he record does not establish that the claimant had only marginal adjustment, that is, a minimal capacity to adapt to changes in the claimant's environment or to demands that are not already part of the claimant's daily life."  AR at 19.  However, the paragraph that follows makes no mention of any of the evidence in the record.  *Id.*  He discusses neither evidence that supports nor evidence that contradicts.  *Id.*  Instead, he merely recites the "paragraph C" criteria and states in conclusory fashion that the "evidence fails to show" that claimant met the stated criteria.  *Id.*  While an ALJ need not discuss all evidence presented to him, he must demonstrate that he has meaningfully engaged with the record.  The boilerplate language found in the ALJ's decision, which merely recites and rejects the relevant criteria, cannot sustain his decision upon this Court's review.  *See, e.g.*, *Jamie S. v. Kijakazi*, No. 2:21-cv-00084-SMJ, 2022 WL 1491668, at *6 (E.D. Wash. May 11, 2022) ("The Court therefore cannot meaningfully evaluate whether the ALJ's finding is supported by substantial evidence, and the Court will remand this matter with instructions to reevaluate whether Plaintiff's mental impairments establish the paragraph C criteria for Listings 12.04 and 12.06."); *Katherine M. v. Kijakazi*, Case No. 21-cv-01207-JST, 2022 WL 19975282, at *7 (N.D. Cal. Nov. 23, 2022) (quoting *J.A. v. Kijakazi*, No. 20-cv-07142-VKD, 2022 WL 2181693, at *14 (N.D. Cal. June 16, 2022)) ("the ALJ's failure to

explain this conclusion 'leaves the Court to guess why the . . . record was not sufficient to satisfy C1 and C2'").

Because the ALJ failed to address Listing 12.05(b) at all, and was deficient in the manner that he addressed the Paragraph C requirements of Listings 12.04 and 12.06, this Court **VACATES** the ALJ's decision and **REMANDS** the matter for further administrative proceedings consistent with this opinion.[2]

**IT IS SO ORDERED.**

Dated:  March 19, 2024

Hon. Gonzalo P. Curiel
United States District Judge

---

[2] As the Court finds that remand is appropriate for the ALJ to develop the record further, the Court need not address Plaintiff's other allegations of error. *See, e.g., Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); see also *Newton v. Colvin*, No. 2:13-cv-2458-GEB-EFB, 2015 WL 1136477, at *6 n.4 (E.D. Cal. Mar. 12, 2015) ("As the matter must be remanded for further consideration of the medical evidence, the court declines to address plaintiff's remaining arguments.").